O

# United States District Court
# Central District of California

| | |
|---|---|
| CARLOS MARSH,<br><br>        Plaintiff,<br><br>    v.<br><br>MGP X PROPERTIES LLC, et al.,<br><br>        Defendants. | Case No. 2:20-cv-05641-ODW (KKx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [21]** |

## I.   INTRODUCTION

Plaintiff Carlos Marsh moves for entry of default judgment against Defendant MGP X Properties, LLC ("MGP"). (Mot. Def. J. ("Motion" or "Mot.") ECF No. 21.) For the reasons discussed below, the Court **DENIES** Marsh's Motion.[1]

## II.   BACKGROUND

Marsh is paralyzed and requires a wheelchair for mobility. (Compl. ¶ 1, ECF No. 1.) He alleges that MGP owns the real property located at 39256 10th Street West in Palmdale, California ("Property"). (*Id.* ¶ 2.) Marsh claims he visited the Property in March 2020 to shop at a Vitamin Shoppe store ("Store"). (*Id.* ¶ 8.) The Store allegedly failed to provide wheelchair accessible sales counters and wheelchair

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

accessible parking. (*Id.* ¶¶ 10–12.) Marsh alleges that the lack of accessible sales counters and parking denied him access to the Store and currently deter him from returning. (*Id.* ¶ 19.)

Marsh filed this action on June 24, 2020, asserting claims under Title III of the Americans with Disabilities Act ("ADA") and California state law, relating to his visit to MGP's restaurant in March 2020. (Compl. ¶¶ 8, 21–33.) The Court declined to exercise supplemental jurisdiction over Marsh's state law claims and dismissed them without prejudice. (Min. Order Declining Suppl. Jurisdiction 11, ECF No. 19.)

On June 29, 2020, Marsh served MGP with a Summons and the Complaint. (Proof of Service, ECF No. 11.) On July 24, 2020, Marsh requested an entry of default after MGP failed to answer or otherwise respond to the Complaint. (Req. for Entry of Default, ECF No. 16.) The Clerk entered default that same day. (Entry of Default, ECF No. 17.)

### III.   LEGAL STANDARD

Plaintiffs seeking default judgment must meet certain procedural requirements, as set forth in Federal Rule of Civil Procedure ("Rule") 55 and Central District of California Local Rule ("Local Rule") 55-1. *See* Fed. R. Civ. P. 55; C.D. Cal. L.R. 55-1. Local Rule 55-1 requires that motions for default judgment include: (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and (5) that the defaulting party was properly served with notice, if required under Rule 55(b)(2). *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1006 (C.D. Cal. 2014).

Once the procedural requirements are satisfied, "[t]he district court's decision whether to enter a default judgment is a discretionary one." *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Generally, a defendant's liability is conclusively established upon entry of default by the Clerk, and well-pleaded factual allegations in

the complaint are accepted as true, except those pertaining to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). Still, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). Rather, the court considers several factors in exercising its discretion, including: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy favoring decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th. Cir. 1986).

## IV.   DISCUSSION

The second and third *Eitel* factors are dispositive here, so the Court begins with them. These two factors, which address the merits of the claims and the sufficiency of the complaint, "require that a plaintiff state a claim on which the [plaintiff] may recover." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) (alteration in original) (citing *PepsiCo*, 238 F. Supp. 2d at 1175); *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) ("[F]acts which are not established by the pleadings . . . are not binding and cannot support the judgment."). Although well-pleaded allegations in the complaint are deemed admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning*, 572 F.2d at 1388).

In this case, Marsh seeks relief under the ADA. (*See* Compl. ¶¶ 9–14.) To prevail on this claim, he must show that: (1) "he is disabled within the meaning of the ADA"; (2) "the defendant is a private entity that owns, leases, or operates a place of

public accommodation"; (3) "the plaintiff was denied public accommodations by the defendant because of his disability"; (4) "the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the ADA"; and (5) removing the barrier is "readily achievable." *Vogel*, 992 F. Supp. 2d at 1007–08 (brackets omitted) (first quoting *Molski v. M.J. Cable Inc.*, 481 F.3d 724, 730 (9th Cir. 2007); and then quoting *Parr v. L&L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000)).

Marsh alleges that when he visited the Store it failed to provide wheelchair accessible sales counters. (Compl. ¶ 10.) "Architectural barriers" are defined by reference to the ADA Accessibility Guidelines (the "ADAAG"). *See Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). Relevantly, the ADAAG instructs that a public accommodation must provide accessible sales counters *where sales counters are provided*. *See* 2010 ADAAG § 227.1 ("*Where provided* . . . sales counters . . . shall comply with [sections] 227 and 904." (emphasis added)). Here, Marsh states in conclusory fashion that the Store "failed to provide wheelchair accessible sales counters" without first establishing that it otherwise provided sales counters to the public. (Compl. ¶¶ 10–11.) Thus, he fails to demonstrate the existence of an architectural barrier under the ADA based on a lack of accessible sales counters.

Marsh also alleges the Store "failed to provide wheelchair accessible parking." (*See id.* ¶¶ 12–13.) Again, however, a public accommodation need only provide accessible parking "*[w]here parking spaces are provided*." *See* 2010 ADAAG § 208.1 (emphasis added); *see also id.* § 208 (setting forth accessibility requirements for parking spaces). Here, Marsh states in conclusory fashion that the Store "failed to provide wheelchair accessible parking," without first establishing that it actually provides public parking. (*See, e.g.*, Compl. ¶¶ 12–13.) Thus, Marsh fails to allege that the lack of accessible parking constituted an architectural barrier under the ADA. *See* 2010 ADAAG § 208.1.

In sum, even accepting the well-pleaded factual allegations in the Complaint as true, Marsh fails to state a claim under the ADA. *See Cripps*, 980 F.2d at 1267 ("[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." (citing *Danning*, 572 F.2d at 1388)). Because the second and third *Eitel* factors alone demonstrate that default judgment is improper, the Court need not assess the remaining factors. *See Brooke v. Sunstone Von Karman, LLC*, No. 8:19-cv-00635-JLS (ADSx), 2020 WL 6153107, at *3 (C.D. Cal. Aug. 25, 2020). However, leave to amend is appropriate because Marsh's failure to state a claim is based on insufficient allegations which could theoretically be cured.

## V.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Marsh's Motion for Default Judgment. (ECF No. 21.)  The Court accordingly **DENIES** Marsh's request for attorneys' fees.  The default previously entered against MGP is hereby **SET ASIDE**. (ECF No. 17.)  If Marsh chooses to amend his Complaint to address the deficiencies identified herein, any amended complaint must be filed and served within twenty-one (21) days of this Order.  If Marsh timely files an amended complaint, MGP's response is due according to Rule 15(a)(3).  Failure to timely amend will result in dismissal of this action.

**IT IS SO ORDERED.**

March 2, 2021

                                              **OTIS D. WRIGHT, II**
                                   **UNITED STATES DISTRICT JUDGE**